UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| RACHEL A. WHITAKER AND RICHARD L. DUNKIN, | ) ) ) | |
| PLAINTIFFS, | ) ) | |
| VS. | ) ) | CAUSE NO. 3:13-CV-826-RLM-CAN |
| APPRISS, INC., | ) ) ) | |
| DEFENDANT. | ) | |

OPINION and ORDER

Appriss, Inc. asks the court to dismiss the claims of Rachel A. Whitaker and Richard L. Dunkin for failure to state a claim. Appriss says the sale of police department motor vehicle accident reports doesn't violate the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725, because the reports are police department records, not motor vehicle records. Ms. Whitaker and Mr. Dunkin contend that the DPPA regulates the disclosure of personal information taken from motor vehicle records and the accident reports contain such information.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 885 (7th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

When evaluating a motion to dismiss, the court accepts the complaint's factual allegations as true and draws all possible inferences in the plaintiff's favor. Lake v. Neal, 585 F.3d 1059, 1060 (7th Cir. 2009).

Ms. Whitaker and Mr. Dunkin were involved in separate car accidents. For each accident, police officers completed an Indiana Officer's Standard Crash Report that included personal information about Ms. Whitaker and Mr. Dunkin that could have been found on their driver's licenses or car titles. Police officers in Indiana, and six other states, use Appriss's software to complete accident reports. Appriss is the exclusive supplier of the accident reports, and the public can buy individual reports or a subscription service from Appriss's website -- www.buycrash.com. About a month after the accidents, Ms. Whitaker and Mr. Dunkin received unsolicited letters from lawyers seeking to represent them in personal injury cases, and Ms. Whitaker got an unsolicited letter from a chiropractor offering his services. Appriss sold the accident reports from the car crashes that Ms. Whitaker and Mr. Dunkin were involved in to the third parties who then commercially solicited them.

Appriss argues that police department motor vehicle accident reports are police department records, not motor vehicle records protected by the DPPA. Ms. Whitaker and Mr. Dunkin argue that the DPPA protects their personal information derived from motor vehicle records. Both parties are right; neither argument carries the day.

The Driver's Privacy Protection Act of 1994 prohibits the "release and use of certain personal information from State motor vehicle records." McCready v. White, 417 F.3d 700, 701 (7th Cir. 2005) (quoting the caption of 18 U.S.C. §§ 2721-2725). The DPPA provides injured parties with a private right of action. 18 U.S.C. § 2724. The DPPA's general prohibition is as follows:

> A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity: (1) personal information . . . about any individual obtained by the department in connection with a motor vehicle record, [except as allowed by the fourteen permitted uses found in subsection (b)]. . . .

18 U.S.C. § 2721(a)(1). The statute lists fourteen permissible disclosures of personal information, such as for use by a government agency when carrying out its functions. Maracich v. Spears, 133 S. Ct. 2191, 2195, 186 L. Ed. 2d 275 (2013); 18 U.S.C. § 2721(b)(1)-(14). Neither party asserts that an exception applies to the disclosure at issue. The DPPA defines "motor vehicle record" to be "any record that pertains to a motor vehicle operator's permit, motor vehicle title, motor vehicle registration, or identification card issued by a department of motor vehicles." 18 U.S.C. § 2725(1). Appriss argues that an accident report isn't one of the documents listed in the statute and doesn't pertain – "belong as a part, member, accessory, or product," Lake v. Neal, 585 F.3d 1059, 1061 (7th Cir. 2009) – to any of those documents, so it's not a motor vehicle record.

Appriss compares the accident reports to the voter registration form in Lake v. Neal, 585 F.3d 1059 (7th Cir. 2009), that the plaintiff completed at the same time that he applied for a driver's license from the state's department of

motor vehicles. Id. at 1060. The department of motor vehicles forwarded his voter registration form to the board of election, and later, another person obtained personal information about the plaintiff from the board. Id. The plaintiff alleged that the board violated the DPPA by disclosing his personal information. The court of appeals held that a voter registration form – filled out separately and at the applicant's option – didn't pertain to any of the statute's listed documents, and – but for the fact that it was filled out simultaneously to the driver's license application – had nothing to do with a motor vehicle record. Id. at 1061.

Ms. Whitaker and Mr. Dunkin don't argue that the accident reports meet the statutory definition of a motor vehicle record. They contend that the DPPA protects not only records, but also information associated with those records. The court agrees. The accident report doesn't have to fall within the statutory definition of a motor vehicle record to contain information the DPPA protects. The DPPA prohibits the disclosure of personal information "obtained by the department [of motor vehicles] in connection with a motor vehicle record." 18 U.S.C. § 2721(a). To this extent, the court agrees with Ms. Whitaker's and Mr. Dunkin's contention that the DPPA protects records and information associated with those records.

The parties agree that the DPPA considers certain information set forth in the accident reports, such as driver identification numbers, names, and addresses, to be personal information. *See* 18 U.S.C. § 2725(3) (personal

information is "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information . . . ."). The parties dispute whether the DPPA protects the information at issue in this case.

Appriss concedes that some of the information in the accident reports is information also contained in motor vehicle records and could be obtained from those records. But many documents -- telephone directories, voter registration rolls, litigation records, arrest records, websites, personal checks, and publicly filed deeds and mortgages – contain names and addresses. Appriss argues that the DPPA doesn't protect the information if it could also be obtained from sources other than motor vehicle records. The court can't agree. Although many different public documents might disclose names, addresses, and even driver identification numbers, the DPPA nonetheless specifically protects this personal information if the state department of motor vehicles derived the information in connection with a motor vehicle record and then disclosed it. *See* Dahlstrom v. Sun-Times Media, LLC, No. 12 C 658, 2013 WL 6069267, at *2 (N.D. Ill. Nov. 18, 2013) ("[T]he press can publish that an officer has brown eyes without violating the DPPA as long as it did not obtain that information from the officer's motor vehicle record.") *certificate of appealability granted*, No. 12 C 658, 2014 WL 1677099 (N.D. Ill. Apr. 24, 2014).

Ms. Whitaker and Mr. Dunkin contend that the personal information in the accident reports was derived from motor vehicle records, so the DPPA protects the accident reports. They argue that the DPPA's caption – "Prohibition on release and use of certain personal information from State motor vehicle records" 18 U.S.C. §§ 2721-2725 – supports their contention that the DPPA protects the personal information in the accident reports that was taken from motor vehicle records.

In Senne v. Village of Palatine, Illinois, 695 F.3d 597 (7th Cir. 2012), a village police officer placed a parking citation on the windshield of the plaintiff's vehicle in public view on a public way. Id. at 600. The citation displayed the vehicle owner's name, address, driver's license number, date of birth, sex, height, and weight. Id. The village police department got this information from a database originating with the state's department of motor vehicles. Id. at 599. The plaintiff alleged that the village's placement of his personal information on the parking ticket when that information was obtained from motor vehicle records violated the DPPA. Id. The court of appeals noted that the initial disclosure of the information by the department of motor vehicles to the village police department was a permissible use of the personal information under the DPPA and the parties didn't challenge that disclosure. Id. at 602. But the second disclosure – the village police officer placing the parking ticket on the windshield of the car – was a plausible claim that the village police officer's

action violated the DPPA. Id. at 609.[1] The parking ticket, issued by the village police department, wasn't a motor vehicle record, but its disclosure of information derived from motor vehicle records could violate the DPPA. So Ms. Whitaker and Mr. Dunkin are correct that personal information derived from motor vehicle records is protected by the DPPA – with the important caveat that the statute requires the source of that information to be the state department of motor vehicles.

Ms. Whitaker and Mr. Dunkin argue that the medium or method of the disclosure of personal information derived from motor vehicle records doesn't matter. But the DPPA prohibits the knowing disclosure of personal information by "[a] State department of motor vehicles, and any officer, employee, or contractor thereof." 18 U.S.C. § 2721(a). The village police department in Senne v. Village of Palatine, Illinois, 695 F.3d 597 (7th Cir. 2012), disclosed personal information that it got from the state department of motor vehicles. Id. at 599. Similarly, in Deicher v. City of Evansville, Wisconsin, 545 F.3d 537 (7th Cir. 2008), a police officer obtained the plaintiff's address from the state department of motor vehicle records and then disclosed the address to her ex-husband. Id. at 538-539. A jury found that the disclosure violated the DPPA. Id. at 540. Again, the original source of the information was the state department of motor vehicles.

---

[1] The court later granted summary judgment for the village because the reason for the disclosure was a permissible use of the personal information under the Act. Senne v. Vill. of Palatine, No. 10 C 5434, 2013 WL 6197092, at *8 (N.D. Ill. Nov. 27, 2013).

The Supreme Court analyzed whether an attorney's solicitation of clients for a lawsuit fell within the scope of the DPPA exception that allows a party to obtain personal information for use in anticipation of litigation in <u>Maracich v. Spears</u>, 133 S. Ct. 2191, 2195-2196, 186 L. Ed. 2d 275 (2013). The attorney obtained personal information from the state department of motor vehicles, then sent solicitation letters to the individuals asking them to join lawsuits against car dealerships. 133 S. Ct. at 2196-2197. The Court held that sending communications for the predominant purpose of solicitation isn't a permitted use of personal information under the Act. 133 S. Ct. at 2210. Yet again, the source of the personal information was the state department of motor vehicles. The method or medium of the disclosure is important as it relates to the original source of the information. The source of the personal information in the accident reports must be examined to decide whether the DPPA protects the information.

Appriss contends that accident reports document a law enforcement event, that such documents routinely list the names and addresses for participants. Appriss argues that accident reports contain this information for people involved in an accident who don't have a driver's license, such as passengers, pedestrians, bicyclists, witnesses, and drivers without a license, either driving unlawfully or who don't have it on their person. Appriss concludes that a driver's license or car title is only one way that police officers could obtain the personal information contained in the accident report. Again,

though, the ability to find the personal information elsewhere doesn't negate the DPPA. *See* 18 U.S.C. §§ 2721(a)(1), 2725(3).

Appriss argues that police officers generated the accident reports and that it got the reports from the state police department, not the state department of motor vehicles. Appriss claims that Congress didn't seek to remedy the disclosure of personal information by regulating the use of information obtained from government agencies other than the state department of motor vehicles. The court agrees in part, but Appriss's argument sweeps too broadly. If the original source of the other government agency's information is the state department of motor vehicles, the DPPA protects the information throughout its travels. *See* Senne v. Vill. of Palatine, Ill., 695 F.3d 597, 609 (7th Cir. 2012) (police officer's disclosure of personal information obtained from the state department of motor vehicles may violate the Act); Deicher v. City of Evansville, Wis., 545 F.3d 537, 540 (7th Cir. 2008) (police officer's disclosure of personal information obtained from the state department of motor vehicles violated the Act).

A comparable case is Mattivi v. Russell, No. CIV.A. 01-WM-533(BNB, 2002 WL 31949898 (D. Colo. Aug. 2, 2002),[2] in which the plaintiff was involved

---

[2] The defendants cite several state court decisions that discuss the DPPA, but in the Freedom of Information Act or state open record law context. The decisions are factually and legally distinguishable and warrant nothing more than a citation. Atlas Transit, Inc. v. Korte, 249 Wis. 2d 242, 638 N.W.2d 625 (Wis. Ct. App. Nov. 13, 2001); Davis v. Freedom of Info. Comm'n, 47 Conn. Supp. 309, 790 A.2d 1188 (Conn. Super. Ct. 2001) *aff'd*, 259 Conn. 45, 787 A.2d 530 (2002); New Richmond News v. City of Richmond, No. 13-CV-163 (St. Croix, Wisc. Cir. Ct., Mar. 20, 2014) (*See* Appriss's Notice of Supplemental Authority Doc. No 17 Ex. 1).

in a single-car accident, and the responding police officer completed a routine accident report that included the plaintiff's name, address, telephone number, and driver's license number. Id. at *1. A newspaper asked the police department to confirm facts about the accident, and in turn, the police department gave the newspaper a copy of the accident report. Id. The newspaper then published the accident report verbatim, and the plaintiff alleged that the publication of his personal information violated the DPPA. Id. Based solely on the statutory language, the court concluded that the DPPA only protects records issued by a department of motor vehicles and the police department wasn't such a department, the accident report wasn't a motor vehicle record, and the newspaper's publication of the report didn't violate the DPPA. Id. at *4. The court agrees with Appriss and the Mattvi court that the accident report itself isn't a motor vehicle record, but in this circuit, disclosure of personal information that was obtained by and from the department of motor vehicles may nonetheless violate the DPPA. *See e.g.,* Senne v. Vill. of Palatine, Ill., 695 F.3d 597, 602-603 (7th Cir. 2012) (police officer's disclosure of personal information, obtained from the state department of motor vehicles, in a parking citation, a record not issued by a department of motor vehicles, may violate the DPPA).

At this point, we return to the standard by which courts measure motions to dismiss for failure to state a claim. Ms. Whitaker and Mr. Dunkin allege in their complaint that the accident reports contained their personal

information that was obtained from their driver's license and vehicle title information – motor vehicle records maintained by the Indiana Bureau of Motor Vehicles. But it isn't clear how the police officer who created the accident report obtained the driver's license and vehicle title information – from the plaintiffs themselves or from the state department of motor vehicles. At oral argument, the plaintiffs confirmed that the omission at this point was intentional. The DPPA forbids the state department of motor vehicles and any person or entity authorized to view its records from disclosing personal information. Senne v. Vill. of Palatine, Ill., 695 F.3d 597, 603 (7th Cir. 2012). Drawing all inferences in the plaintiffs' favor, it's plausible that the personal information in the accident reports was obtained from the state department of motor vehicles, and thus Ms. Whitaker and Mr. Dunkin might have a claim under the DPPA. For this reason, the court DENIES the defendant's motion to dismiss for failure to state a claim (Doc. No. 12).

SO ORDERED.

ENTERED: September 11, 2014

/s/ Robert L. Miller, Jr.
Judge
United States District Court